# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| JOE HAND PROMOTIONS, INC.,<br><br>                      Plaintiff,<br><br>v.<br><br>CROSSTOWN RIVAL LLC, *doing business as* LENNY'S CROSSTOWN BAR & GRILLE, *also known as* CROSSTOWN RIVALS, LEONARD KISER, *also known as* LENNY KISER, DONNA KISER, VANESSA ROJAS, and KIMBERLY SCARDINA,<br><br>                      Defendants. | Case No. 21-CV-590-JPS<br><br><br>**ORDER** |

      On May 10, 2021, Plaintiff filed this action alleging claims arising from Defendants' unlicensed broadcasting of two Ultimate Fighting Championship matches in violation of 47 U.S.C. §§ 553, 605. ECF No. 1. On October 7, 2021, Plaintiff filed proofs of service, which demonstrated that Defendants were served between May 25, 2021 and June 3, 2021. ECF No. 5. Defendants did not appear or otherwise defend this action within the time provided by the Federal Rules of Civil Procedure, and so the Clerk of the Court, at Plaintiff's request, entered default against Defendants on October 12, 2021.

      On December 7, 2021, Plaintiff filed a motion for entry of a default judgment against Defendants. ECF No. 8. Plaintiff's certificate of service reflects that Defendants were served with this motion by certified mail on the date that it was filed. *Id.* at 3. Defendants have not responded to the motion in any fashion, and the deadline for doing so has expired. *See* Civ.

L.R. 7(b); Fed. R. Civ. P. 6(d) (providing three additional days to respond to motions served by mail). As a result, the Court treats the motion as unopposed. Civ. L.R. 7(d). The facts pleaded in the complaint establish Defendants' liability. ECF No. 1 at 3–6. Plaintiff nevertheless bears the responsibility to prove up its damages under Rule 55(b)(2) of the Federal Rules of Civil Procedure. Indeed, "even when a default judgment is warranted based on a party's failure to defend, the allegations in the complaint with respect to the amount of the damages are not deemed true," and the Court must conduct an inquiry to ascertain the amount of damages with reasonable certainty. *e360 Insight v. The Spamhaus Project*, 500 F.3d 594, 602 (7th Cir. 2007) (citations and quotations omitted). Judgment by default may not be entered without a hearing on damages unless "the amount claimed is liquidated or capable of ascertainment from definite figures contained in the documentary evidence or in detailed affidavits." *Id.*

Here, Plaintiff seeks the following damages: (1) statutory damages of $4,000.00 under 47 U.S.C. § 605(e)(3)(C)(i)(II) to compensate Plaintiff for its damages, including the licensing fees and any lost profits; (2) enhanced damages of $16,000.00 under 47 U.S.C. § 605(e)(3)(C)(ii) to punish and deter future willful piracy for commercial advantage; (3) costs of $402.00 associated with prosecuting the violation; and (4) attorneys' fees. ECF No. 8-1 at 15–16. Plaintiff has provided evidence in support of its requests, including an affidavit from the investigator and a licensing fee schedule.

Under 47 U.S.C. § 605(e)(3)(C)(i)(II), Plaintiff may recover damages between $1,000.00 and $10,000.00 for each violation of the statute. Plaintiff provides evidence that the Defendants failed to pay a licensing fee of $1,620.00 for each event, ECF No. 8-2 ¶ 7, and illegally broadcast one UFC match on May 11, 2019 to approximately 8 people on one television set, ECF

No. 8-5 at 1. Plaintiff also provided evidence that Defendants advertised a showing of another UFC match on June 8, 2019, though it is unclear how many people attended the restaurant and how many televisions showcased the match. The Court finds this sufficient to establish damages under Section 605(e)(3)(C)(i)(II), and accordingly grants the request for $4,000.00, which captures the cost of the licensing fee and any ill-gotten profits, in addition to the $402.00 in costs relating to the prosecution of the violation.

To evaluate enhanced damages under 47 U.S.C. § 605(e)(3)(C)(ii), the Plaintiff must show that the Defendants' conduct was willful. "'Willful' as used in these statutes means a 'disregard for the governing statute and an indifference for its requirements.'" *Kingvision Pay-Per-View, Ltd. v. Scott E's Pub., Inc.*, 146 F. Supp. 2d 955, 959 (E.D. Wis. 2001) (quoting *ON/TV v. Julien*, 763 F.2d 839, 844 (7th Cir. 1985)). The Court may infer willfulness from a defendant's failure to litigate. *J&J Sports Prod., Inc. v. Mojitos Mex. Grill & Bar, LLC*, 2018 WL 1709410, at *2 (E.D. Wis. April 9, 2018). Courts in this district consider a number of factors when assessing enhanced damages, including: (1) the defendant's prior violations; (2) the amount by which the defendant profited; (3) the plaintiff's actual damages; (4) whether the defendant advertised for the event; and (5) whether the defendant charged a cover for the night in question. *Id.* at *3 (awarding $6,600.00 in enhanced damages on default judgment where defendant had no history of piracy, the extent of ill-gotten gains or actual damages was unknown, there were only between 65 and 80 patrons in the restaurant at the time, and there was no advertising or cover fee charged).

The cases that Plaintiff cites from other circuits indicate a similar analysis for enhanced damages. *See J&J Sports Prod., Inc. v. Sugar Café, Inc.*, 2018 WL 324266, at *2 (S.D.N.Y. Jan. 5, 2018) (awarding enhanced damages

of $8,000.00 on a default judgment where there was evidence that the café charged a substantial cover and profited handsomely from the event); *J&J Sports Prod., Inc. v. Gencarelli*, 2012 WL 4442514, at *3 (D.N.J. Sept. 21, 2012) (awarding enhanced damages of $2,000.00 on default judgment based on the number of patrons who viewed the event); *J&J Sports Prod., Inc. v. Castrillion*, 2009 WL 1033364, at *4 (E.D.N.Y. April 16, 2009) (awarding enhanced damages of $22,000.00 on a default judgment where the establishment had a sizeable audience, there was evidence of use of an unauthorized decoder, and, absent penalties, it was highly likely that the defendant would continue to unlawfully display programming); *J&J Sports Prod., Inc. v. Cortes*, 2012 WL 2370206, at *2 (D. Minn. June 22, 2012) (awarding enhanced damages of $11,000.000 on default judgment where the defendant had displayed the program to a crowd of over 100 people and charged a cover fee); *Joe Hand Promotions, Inc. v. Gamino*, 2011 WL 66144, at *4 (E.D. Cal. Jan. 10, 2011) (awarding enhanced damages of $25,000.00 on default judgment where defendant previously committed similar acts of privacy).

In this case, the Court infers from the failure to defend that Defendants willfully broadcast the UFC matches without paying the licensing fee; therefore, enhanced damages are permissible. However, there are no allegations or evidence that Defendants have committed prior acts of piracy. Moreover, one of the UFC matches only reached 8 people; there are no allegations regarding how many people attended the bar to watch the second UFC match, but it does not appear that anyone interacted with the event on Facebook. In light of the modesty of the crowd and the fact that there is no history of piracy, the Court determines that the requested $16,000.00 in enhanced damages is too high. It finds, instead, that an

Page 4 of 5
Case 2:21-cv-00590-JPS   Filed 05/16/22   Page 4 of 5   Document 9

additional $4,000—the cost of the licensing fee plus estimated profits—in enhanced damages is sufficient to punish and deter.

The Court has thus determined "that defendants [are] liable to plaintiff as to each cause of action alleged in the complaint" by its entry of default, and that Plaintiff's claimed damages are reasonably certain and well-supported. *Breuer Elec. Mfg. Co. v. Toronado Sys. of Am., Inc.*, 687 F.2d 182, 186 (7th Cir. 1982). The Court will now grant the request for a default judgment and award Plaintiff $4,000.00 for the statutory violation pursuant to 47 U.S.C. § 605(e)(3)(C)(i)(II); $4,000.00 in enhanced damages pursuant to 47 U.S.C. § 605(e)(3)(C)(ii); and $402.00 for costs associated with prosecuting the violation pursuant to 47 U.S.C. § 605(e)(3)(B)(iii), for a total of $8,402.00 in damages, plus post-judgment interest as provided by law and reasonable attorneys' fees. *Id.*

Accordingly,

**IT IS ORDERED** that Plaintiff's motion for default judgment, ECF No. 8, be and the same is hereby **GRANTED**; Defendants shall pay to Plaintiff the total sum of $8,402.00, together with post-judgment interest as provided by law and reasonable attorneys' fees as later determined by the Court absent an agreement of the parties; and

**IT IS FURTHER ORDERED** that this action be and the same is hereby **DISMISSED**.

The Clerk of the Court is directed to enter judgment accordingly.

Dated at Milwaukee, Wisconsin, this 16th day of May, 2022.

BY THE COURT:

J.P. Stadtmueller
U.S. District Judge